UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Eglal Sadik Hezam ABDULELAH,
and Sadik H ABDULELAH,

   *Plaintiffs*,

v.

Jonathan Goodale Pratt, Ambassador,
U.S. EMBASSY, DJIBOUTI.

Rena Bitter, Assistant Sec. of State,
Bureau of Consular Affairs,
DEPARTMENT OF STATE.

Anthony J. Blinken, Secretary,
DEPARTMENT OF STATE.

   *Defendants*.

<u>Case No.    2:23-cv-13005</u>

<u>PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR
INJUNCTIVE RELIEF</u>

## I.   INTRODUCTION

1. This is an action brought pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 702, *et seq*., ("APA") seeking to compel Defendant U.S. Embassy Djibouti to complete the administrative agency process and render a final adjudication of Plaintiff Eglal Sadik Hezam ABDULELAH's immigrant visa, pending with the U.S. Embassy Djibouti since the interview on March 27, 2022. To date, while Plaintiffs continue to wait in separate countries, the defendants have failed to reach final agency action on Plaintiff's visa. Plaintiffs seek to have this honorable Court impose a date-certain deadline for adjudication of their pending application for Immigrant visa.

2. The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq*., provides a framework for the allocation of immigrant visas for family sponsored immigrants. 8 U.S.C. § 1151(a)(1).

## II.   PARTIES

3. Plaintiff Sadik H ABDULELAH (hereinafter "Sadik ABDULELAH") is a naturalized U.S. citizen. On April 01, 2008, Plaintiff Sadik ABDULELAH filed an I-130 Petition for Alien Relative on behalf of his married daughter, Mrs. Eglal Sadik Hezam ABDULELAH (hereinafter "Eglal ABDULELAH). This I-130 Petition was approved by U.S. Citizenship and Immigration Services (USCIS) on

2

August 18, 2010 – more than thirteen years ago. Plaintiff Sadik ABDULELAH resides in the city of Detroit, Wayne County, Michigan.

4. Plaintiff Mrs. Eglal Sadik Hezam ABDULELAH is a citizen and national of Yemen. Plaintiff Eglal ABDULELAH is the daughter and the primary beneficiary of the approved I-130 petition filed by Plaintiff Sadik ABDULELAH. Plaintiff Eglal ABDULELAH resides in Yemen, separated from the Plaintiff (and I-130 Petitioner) Sadik ABDULELAH. This prolonged separation has created great hardship. Plaintiff Eglal ABDULELAH will join her father in Michigan upon approval of her immigrant visa.

5. Defendant Jonathan Goodale Pratt serves as Ambassador and Chief of Mission at U.S. Embassy Djibouti. Defendant Pratt oversees the Immigrant Visa Unit of the U.S. Embassy in Djibouti for processing of documentarily qualified visa applications, such as the Immigrant visa application submitted by Plaintiff Eglal ABDULELAH. Plaintiff Eglal ABDULELAH's March 27, 2022, visa interview was scheduled and conducted by the Immigrant Visa Section under the direction of Defendant Pratt and her visa application should be adjudicated and a final decision rendered by U.S. Embassy Djibouti to complete the agency process. Defendant Pratt is a consular officer as defined by 8 U.S.C. § 1101(a)(9) and is sued in his official capacity.

6. Defendant Rena Bitter is Assistant Secretary of State and serves as the head of the Bureau of Consular Affairs. In this role, Defendant Bitter serves the

interests of U.S. citizens abroad and foreign nationals who seek to connect to the United States through the issuance of visas to qualified visitors, workers, and immigrants. The Bureau of Consular affairs oversees all U.S. Embassies and Consulates. Defendant Bitter is sued in her official capacity.

7. Defendant Anthony Blinken is Secretary of the U.S. Department of State (DOS). As Secretary of State (SOS), Defendant Blinken directs the administration of the entire DOS, establishes and implements governing DOS policies, practices, and procedures including the adjudication of immigrant visas, and oversees all State Department Embassies and Consulates, which includes the delegated Consular personnel who should complete the adjudication of Plaintiff Eglal ABDULELAH's Immigrant visa application. Defendant Blinken is sued in his official capacity.

8. Defendant Bureau of Consular Affairs ("CA") is a component of Defendant DOS that formulates and implements policy relating to immigration and consular services and should ensure responsive and efficient provision of consular services overseas. Responsibility for these functions is vested within the Department of State in the Assistant Secretary for Consular Affairs and for their implementation abroad in consular officers assigned to embassies and consulates abroad.

9. Defendant Department of State ("DOS") is a cabinet department of the United States federal government pursuant to 22 U.S.C. § 2651 and an

4

"agency" within the meaning of the APA, 5 U.S.C. § 551(1). DOS serves as the lead U.S. foreign affairs agency, and is responsible, inter alia, for leading and coordinating U.S. representation abroad including through U.S. Embassies and consulates in foreign countries. DOS oversees the Bureau of Consular Affairs and its implementation of federal law and policy with respect to visa applications.

### III. JURISDICTION

10. This case arises under the Mandamus Act, 28 U.S.C. § 1361, which gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

11. This Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1331, as a civil action raising a federal question arising under the laws of the United States, and 28 U.S.C. § 1651, as this Court was established by Congress and therefore "may issue all writs necessary or appropriate in their respective jurisdictions."

12. Jurisdiction is also conferred by the Administrative Procedures Act, 5 USC §§ 701-708, as Plaintiffs are aggrieved by adverse agency action in this case and this court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "Agency action" includes, in relevant part, the "failure to act." 5 U.S.C. § 551(13), emphasis added.

13.     The Court has personal jurisdiction over all Defendants as they can be reached by service of process.

## IV.     VENUE

14.     Venue in this judicial district is proper under 28 U.S.C. § 1391(e)(1), as this is a civil action in which the Defendants are agencies of the United States and officers of the United States acting in their official capacity, this action is brought in the judicial district in which U.S. citizen Plaintiff Sadik ABDULELAH resides, and all Defendants can be reached by service of process.

## V.     STANDING

15.     Plaintiffs have constitutional standing under *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992), as individuals who have suffered a concrete injury due to Defendants' failure to act, which injury will be redressed by a favorable decision in this case. *Lujan v. Defenders of Wildlife*, 504 U.S. 560-61 (1992). Plaintiffs have been and continue to be injured by the ongoing failure of Defendants to complete all agency action and timely adjudicate Plaintiff Eglal ABDULELAH's Immigrant visa application based on the approved I-130 Petition for Alien Relative which was properly filed by Plaintiff Sadik ABDULELAH on April 01, 2008.

## VI.  FACTUAL ALLEGATIONS

16. Plaintiff Sadik ABDULELAH resides in the city of Detroit, Wayne County, Michigan and is a U.S. citizen.

17. Plaintiff Eglal ABDULELAH is a Yemeni citizen and national, born in 1988 in Taiz, Yemen. She currently lives in Yemen and is awaiting her immigrant visa. **Exhibit A**.

18. On April 01, 2008, Plaintiff Sadik ABDULELAH properly filed an I-130 Petition for Alien Relative (Receipt No. WAC-08-179-14361) on behalf of Plaintiff Eglal ABDULELAH which was approved by USCIS on August 18, 2010. **Exhibit B**.

19. On November 01, 2019, the National Visa Center ("NVC") created case number DJI2016855002 for Plaintiff Eglal ABDULELAH's Immigrant visa application. **Exhibit C**.

20. U.S. Embassy Djibouti scheduled Mrs. Eglal ABDULELAH's visa interview for March 27, 2022. **Exhibit D**.

21. Upon conclusion of the March 27, 2022, interview at U.S. Embassy Djibouti, the Beneficiary and her family were refused an immigrant visa. Plaintiff Eglal ABDULELAH was issued 221(g) stating the case requires administrative processing.

22. U.S. Embassy Djibouti requested paternity testing to prove the biological relationship between Plaintiff Sadik ABDULELAH (I-130 petitioner)

7

and Plaintiff Eglal ABDULELAH. Additionally, Plaintiff Eglal ABDULELAH was requested to provide Joint sponsor affidavit of support. **Exhibit E**.

23. Results of the test establishing paternity and Joint sponsor affidavit of support were submitted to U.S. Embassy Djibouti in June of 2022. **Exhibit F**.

24. On September 08, 2022, the Department of State notified that Plaintiff Eglal ABDULELAH's case is documentarily qualified but still refused under INA section 221g for necessary administrative processing. **Exhibit G**.

25. However, after September 2022, Plaintiff Eglal ABDULELAH's immigrant visa case remained under administrative processing at U.S. Embassy Djibouti. Plaintiff Sadik ABDULELAH, enlisted assistance from the office of U.S. Senator Debbie Stabenow for Plaintiff Eglal ABDULELAH's long-delayed visa application. Correspondence excerpt included at **Exhibit H**.

26. Plaintiff Sadik ABDULELAH submitted several inquiries to the Consular Djibouti mailbox, including informing Djibouti of increased urgency due to the necessity of open heart surgery for Plaintiff Eglal ABDULELAH's mother, and every time received a reply stating that the "case is still refused under INA section 221g for necessary administrative processing to verify their qualifications for this visa. There is no additional information that is required from anyone involved in the application at this time." **Exhibit I**.

27. On October 9, 2023, counsel for Plaintiff Eglal ABDULELAH submitted a request to expedite the pending immigrant visa to Immigrant Visa Unit

8

at U.S. Embassy Djibouti. This request included documentation of further Senatorial involvement, as well as hospital documentation of the required open heart surgery. **Exhibit J**.

28. On October 27, 2023, and November 09, 2023, the counsel for Plaintiff Eglal ABDULELAH followed up with Immigrant Visa Unit at U.S. Embassy Djibouti. To date there has been no reply to this request. **Exhibit K**.

29. As of the date of this filing, the online CEAC system still shows Plaintiff Eglal ABDULELAH's visa application case as "refused" **EXHIBIT C**. Plaintiff Eglal ABDULELAH's visa application status remains in administrative processing awaiting *final* action by U.S. Embassy Djibouti.

30. As of the date of this filing, Plaintiff Eglal ABDULELAH has not received a decision from DOS or Embassy Djibouti. Plaintiffs remain separated more than fifteen years after Plaintiff Sadik ABDULELAH filed the I-130, more than thirteen years after the approval of that I-130 Petition, and nearly two years after completion of Plaintiff Eglal ABDULELAH's consular interview on March 27, 2022.  Plaintiff Eglal ABDULELAH's case has been under administrative processing for one year and eight months.

31. Mrs. Eglal ABDULELAH is eligible for immediate adjudication of her Immigrant visa. However, Defendants have failed to complete adjudication of her properly filed visa application.

## VII. <u>IRREPARABLE INJURY</u>

32. The failure of Defendants to complete the administrative agency action regarding Plaintiffs' Immigrant visa Application within a reasonable time causes Plaintiffs Sadik ABDULELAH and Eglal ABDULELAH to suffer irreparable injury.

## VIII. <u>EXHAUSTION</u>

33. Plaintiffs Sadik ABDULELAH and Eglal ABDULELAH have exhausted all available administrative remedies that can provide the relief they seek. There are no further administrative remedies available to Plaintiffs.

## IX. <u>FIRST CAUSE OF ACTION – Writ of Mandamus</u>

34. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33 above.

35. Mandamus is available when three requirements are met: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." Carson v. U.S. Office of Special Counsel, 633 F.3d 487, 491 (6th Cir. 2011). See also 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").

36. Plaintiffs have a clear right to the relief requested. U.S. citizen Plaintiff Sadik ABDULELAH's I-130 Petition on behalf of Plaintiff Eglal ABDULELAH was approved by USCIS August 18, 2010, and the immigrant visa application was properly submitted to Embassy Djibouti and an immigrant visa interview already took place in 2022. The case is complete and documentarily qualified.

37. Defendants have a clear, ministerial, non-discretionary duty to perform the act in question – which is to complete the administrative agency action on Plaintiffs' pending immigrant visa application within a reasonable time within published processing times. This includes both interview and final adjudication.

38. Furthermore, provisions 8 U.S.C. § 1571(a), § 1571(b), § 1572, § 1573, and § 1574 make clear Congress's policy that an immigration benefit application should be completed not later than 180 days after the initial filing.

39. Defendants have failed to issue a decision on Plaintiffs' Immigrant visa application.

40. Plaintiffs have now awaited completion of the administrative agency process for close to two years – more than 605 days – since Plaintiff Eglal ABDULELAH completed her U.S. Embassy Djibouti interview on March 27, 2022.

41. This delay is far longer than the maximum 180 days allowed by statute. Plaintiffs have been prejudiced by this delay.

42. Under the circumstances, it is unreasonable for Defendants to delay completion of the administrative agency process regarding Plaintiffs' Immigrant visa application.

43. No other adequate remedy is available. Plaintiffs have submitted correspondence attempting to understand and to expedite the continued delay.

### X. SECOND CAUSE OF ACTION – Administrative Procedures Act

44. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 43 above.

45. The Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 706(1), provides the Court with authority to compel agency action unlawfully withheld or unreasonably delayed. As held by the tenth Circuit, "the APA gives rise to a legally enforceable right to the completion of administrative agency action within a reasonable time, not merely a right to have the agency take some action at all." Yu v. Brown, 36 F. Supp. 2d 922, 928 (D.N.M. 1999), citing Forest Guardians v. Babbitt, 164 F.3d 1261, 1269 (10th Cir. 1998) and Deering Milliken, Inc. v. Johnston, 295 F.2d 856, 861 (4th Cir.1961) (emphasis added).

46. The APA also provides this Court with the authority to hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of

statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13) (emphasis added).

47. When a petitioner/plaintiff "seeks both mandamus relief and relief under the APA, courts apply the same principles and standards to both to determine jurisdiction and to access the merits." Nelson v. United States, 107 F. App'x 469, 471 (6th Cir. 2004).

48. Defendants have a duty under the APA to make a final decision "within a reasonable amount of time." 5 U.S.C. § 555(b).

49. To determine whether the agency's delay is unreasonable, this Court must apply the six "TRAC" factors enumerated in Telecomms Research & Action v. FCC ("TRAC"), 750 F.2d 70, 80 (D.C. Cir. 1984). Telukunta v. Mayorkas, Case No. 21-10372, (ED Mich., June 15, 2021), at 2. "The 'most important' TRAC factor is the first factor." Id., quoting In re Core Comms., Inc., 531 F.3d 849, 855 (D.C. Cir. 2008). The first factor requires that "the time agencies take to make decision must be governed by a 'rule of reason.'" TRAC, 750 F.2d at 80. USCIS reviews applications on a first-in, first-out basis. Plaintiff Eglal ABDULELAH's interview was completed nearly one year and eight months ago. This most-important factor favors Plaintiffs. "The third and fifth TRAC factors address the delay's effect on the visa applicant. Under the third factor the Court must consider

13

that 'delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake.'" Telukunta, No-21-10372, at 3, quoting TRAC, 750 F.2d at 80.

50. Defendants have unreasonably delayed completion of the administrative agency process regarding Plaintiffs' Immigrant visa application.

51. It has been close to two years since completion of Plaintiff Eglal ABDULELAH's consular interview on March 27, 2022.

52. It has been one year and two months since Plaintiff Eglal ABDULELAH was notified by Embassy Djibouti that her case has been documentarily qualified.

53. Defendant's "failure to act" on Plaintiffs' properly filed immigrant visa application is arbitrary, capricious, and not in accordance with the law, regulations, or agency policy. 5 U.S.C. § 551(13).

54. Plaintiffs have exhausted their administrative remedies. No other remedy exists in the face of the Defendants' continued and unexplained completion of required action on the properly filed immigrant visa application by Plaintiff Eglal ABDULELAH.

55. Plaintiffs respectfully request that this Honorable Court "compel agency action unlawfully withheld or unreasonably delayed" – by a date certain – pursuant to the Administrative Procedures Act, 5 U.S.C. § 706(1).

XI. **CLAIM FOR EQUAL ACCESS TO JUSTICE ACT (EAJA) FEES**

56. Plaintiffs re-allege and incorporate by reference paragraphs 1 to 55.

57. Defendant's failure to complete the administrative agency action and render a final decision within a reasonable amount of time is substantially unjustified and Plaintiffs are entitled to reasonable attorney's fees under EAJA.

XII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

1. Assume jurisdiction over this action; and

2. Compel Defendants to complete all agency action and render a final adjudication of Plaintiffs' Immigrant visa application by a date certain;

3. Award Plaintiffs reasonable costs and fees under EAJA; and

4. Award such other relief as the Court deems necessary or proper.

Respectfully submitted this 28th day of November 2023.

*/s/ Glenn Eric Sproull*

_____
GLENN ERIC SPROULL (IL 6276310)
Palmer Rey PLLC
29566 Northwestern Hwy, Suite 200
Southfield, MI 48034
(248) 522-9500
eric@palmerrey.com

***Attorney for Plaintiffs***